USA v. Conway, et al.                          CV-99-155-M    01/10/01
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


United States of America,
      Plaintiff

      v.                                      Civil No. 99-155-M
                                              Opinion No. 2001 DNH 010
Heart Trace of Nashua, Inc.,
Samaritan Health Systems, Inc.,
John W. Conway, Norman P. Lehrman,
and Donnie W. Lawson,
      Defendants


                            O R D E R


      In January of 1997, a federal grand jury indicted defendants

on twenty-five counts of violating various federal laws.

Specifically, defendants were charged with conspiracy to defraud

the United States by knowingly making false statements with the

intent to defraud Medicare (18 U.S.C. §§ 371), filing false

statements with the intent to defraud Medicare (18 U.S.C. §

1001), and mail fraud (18 U.S.C. § 1341).  Following a jury

trial, each defendant was convicted of all charges brought

against him/it.

At sentencing, defendants and the government stipulated that the total loss occasioned by defendants' criminal conduct was $2,273,238.00. Consequently, defendants Conway and Lehrman were ordered to pay restitution to the Health Care Financing Administration in the amount of $2,273,238.00. Heart Trace of Nashua was ordered to pay $2,080,197.00 in restitution, while Samaritan Health Systems was ordered to pay $193,141.00 in restitution – representing each's proportional responsibility for the total loss. The parties also stipulated that defendant Lawson was not responsible for any loss and, therefore, he was not ordered to pay restitution.

Subsequently, the government filed this parallel civil action under the False Claims Act, 31 U.S.C. §§ 3729-3733, alleging that the conduct giving rise to the indictment caused the government to incur losses of approximately $3.07 Million. It seeks to recover treble damages (approximately $9.21 Million), plus civil penalties of $10,000 per false claim filed by each of the defendants. See 31 U.S.C. § 3729(a).

The government has now moved for partial summary judgment, saying that it is entitled to judgment as a matter of law on the issue of liability as to its claims against each of the defendants. It has, however, represented that an evidentiary hearing will be necessary to calculate the precise measure of its damages. None of the defendants has objected.

**Discussion**

Because the claims that form the basis of the government's one count civil complaint were fully and fairly litigated by (and necessarily resolved against) defendants at their criminal trial, they are estopped from denying the essential elements of the government's claims under the False Claims Act. Section 3731 of Title 31 provides:

> Notwithstanding any other provision of law, the Federal Rules of Criminal Procedure, or the Federal Rules of Evidence, a final judgment rendered in favor of the United States in any criminal proceeding charging fraud or false statements, whether upon a verdict after trial or upon a plea of guilty or nolo contendere, <u>shall estop the defendant from denying the essential elements of the offense in any action which involves the same transaction as in the criminal proceeding</u> and which is brought under subsection (a) or (b) of section 3730.

3

31 U.S.C. § 3731(d) (emphasis supplied).  Consequently, the government is entitled to judgment as a matter of law on the issue of liability.

As to the issue of damages, however, one might reasonably posit that the amount for which defendants may be held civilly liable was fixed by the government's factual stipulations regarding the amount of loss occasioned by the offenses of conviction.  Those stipulations provided that defendants were responsible for the following losses:

| | | |
|---|---|---|
| a. | Heart Trace of Nashua, Inc. | $2,080,197.00 |
| b. | Samaritan Health Systems | $ 193,141.00 |
| c. | John W. Conway | $2,273,238.00 |
| d. | Norman P. Lehrman | $2,273,238.00 |
| e. | Donnie W. Lawson | $ 0.00 |

Similarly, one might also plausibly argue that the number of false claims submitted by the defendants was fixed by the government's earlier stipulations:

4

    a.   Heart Trace of Nashua, Inc.   4,395

    b.   Samaritan Health Systems      2,567


Consequently, it is unclear whether the government may now "revisit" the losses caused by defendants' conduct or the number of false claims actually filed by defendants, by attempting to prove facts that are inconsistent with the stipulations it offered in the prior criminal proceeding.


## Conclusion

For the foregoing reasons, plaintiff's motion for partial summary judgment as to liability (document no. 31) is granted. However, if the government intends to pursue its apparent claim that the loss attributable to defendants' unlawful conduct is, factually, in excess of $3 Million, and/or that the number of false claims submitted by defendants is, factually, closer to 17,000, it must first file a legal memorandum showing why it is not estopped from raising such claims now, having offered contrary factual stipulations (that were accepted by the court) in the underlying criminal proceeding. The government's

5

memorandum shall be filed on or before January 26, 2001, or, alternatively, a statement of agreement as to the controlling nature of the prior stipulations on damages and civil penalties may be filed before that time.  See 31 U.S.C. § 3729(a) (entitling the government to double or treble damages and a civil penalty of "not less that $5,000 and not more than $10,000" for each false or fraudulent claim).  If necessary, the court will then schedule a hearing to resolve any outstanding factual issues.

     **SO ORDERED.**

                                         _____
                                         Steven J. McAuliffe
                                         United States District Judge

January 10, 2001

cc:  Patrick M. Walsh, Esq.
     John W. Conway
     Norman P. Lehrman
     Donnie W. Lawson