USA v. Heart Trace, et al.          CV-99-155-M     03/16/01
                    UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE


United States of America,
        Plaintiff

        v.                                   Civil No. 99-155-M
                                             Opinion No. 2001 DNH 050
Heart Trace of Nashua, Inc.,
Samaritan Health Systems, Inc.,
John W. Conway, Norman P. Lehrman,
and Donnie W. Lawson,
        Defendants


                          O R D E R


        In January of 1997, a federal grand jury indicted defendants

on twenty-five counts of violating various federal laws.

Specifically, defendants were charged with conspiracy to defraud

the United States by knowingly making false statements with the

intent to defraud Medicare (18 U.S.C. § 371), filing false

statements with the intent to defraud Medicare (18 U.S.C. §

1001), and mail fraud (18 U.S.C. § 1341).  Following a jury

trial, defendants were convicted of all charges brought against

them.

Subsequently, the government filed this parallel civil action under the False Claims Act, 31 U.S.C. §§ 3729-3733. Originally, the government alleged that the conduct giving rise to the indictment resulted in losses of approximately $3.07 Million. Based upon that loss calculation, the government sought to recover treble damages (approximately $9.21 Million), plus civil penalties of $10,000 per false claim filed by each of the defendants. See 31 U.S.C. § 3729(a). At defendants' criminal sentencing, however, the government stipulated that defendants were responsible for losses of slightly more than $2 Million.

In light of that stipulation, the court granted the government's motion for judgment as a matter of law on the issue of defendants' liability. As to the issue of damages, however, the court instructed the government to file a memorandum explaining why it was not estopped from seeking damages for false claims in excess of those to which it stipulated at sentencing.

The government has filed the memorandum (document no. 34), and agrees that damages should be based upon the stipulated loss attributable to the false claims submitted by defendants

2

($2,080,197.00), rather than the nearly $3.1 Million referenced in its civil complaint. Pursuant to 31 U.S.C. 3729(a), the government seeks treble damages (i.e., $6,240,591.00), which figure would "also include any applicable civil monetary penalties." Government's memorandum at 1. None of the defendants has objected.

## Discussion

Having been granted judgment as a matter of law on the issue of liability, and having agreed to seek civil damages exclusively for those false statements as to which defendants stipulated, the government is entitled to a judgment against defendants "of not less that $5,000 and not more that $10,000, plus 3 times the amount of damages which the Government sustain[ed] because of the act of [defendants]." 31 U.S.C. § 3729(a). The court may, however, enter judgment in an amount not less than 2 times the loss sustained by the government if it finds:

> (A) the person committing the violation of this subsection furnished officials of the United States responsible for investigating false claims violations with all information known to such person about the violation within 30 days after the date on which the defendant first obtained the information;

3

(B)   such person fully cooperated with any Government investigation of such violation; and

(C)   at the time such person furnished the United States with the information about the violation, no criminal prosecution, civil action, or administrative action had commenced under this title with respect to such violation, and the person did not have actual knowledge of the existence of an investigation into such violation.

31 U.S.C. § 3729(a).

The statute plainly presumes that the government shall recover treble damages.  To rebut that presumption and reduce the damage award to not less than two times the government's actual loss, a defendant must demonstrate that he or she meets <u>each</u> of the three conditions set forth above.  Here, defendants have not only interposed no objection to the government's motion seeking treble damages, no evidence of record suggests that they might have met those conditions, nor did they introduce any evidence at their criminal trial or sentencing that suggests they could meet any of those conditions.  Certainly, nothing in the record suggests that any defendant complied with <u>all</u> of the conditions set forth in 31 U.S.C. § 3739(a).

4

Accordingly, the government is entitled to judgment as a matter of law in the amount of $6,240,591.00 against Defendants Heart Trace of Nashua, Inc., John W. Conway, and Norman P. Lehrman, and in the amount of $579,423.00 against Defendant Samaritan Health Systems, Inc., representing three times the stipulated losses incurred by the government.[1]  No damages are assessed against Defendant Donnie W. Lawson, since the government stipulated that no loss was attributable to him.  See United States v. Heart Trace of Nashua, Inc., No. 99-155-M, 2001 DNH 010 at 4 (D.N.H. Jan. 10, 2001).

The Clerk of Court shall enter judgments as described, which figures shall include any and all applicable civil monetary penalties to which the government is entitled under 31 U.S.C. § 3729 (the government having waived any right to seek additional civil penalties of between $5,000 and $10,000 for each false claim submitted by defendants).

---

[1]     At sentencing, the government and defendants stipulated that the loss attributable to Defendants Conway and Lehrman was $2,273,238.00.  In this civil proceeding, however, the government seeks damages from those defendants based upon a loss to the government of $2,080,197 (the stipulated loss attributed to Heart Trace of Nashua, Inc.).  See Government's Memorandum in Support of Civil Monetary Penalties and Damages (document no. 34).

5

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 16, 2001

cc:  Patrick M. Walsh, Esq.
     John w. Conway
     Norman P. Lehrman
     Donnie W. Lawson